# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY CUSHMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-1184-HE ) |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, Tammy Cushman, seeks judicial review of the Social Security Administration's denial of disability insurance benefits (DIB). This matter has been referred by Chief United States District Judge Joe Heaton for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Commissioner's decision be affirmed.

## I.   Procedural Background

On September 7, 2011, Plaintiff protectively filed an application for DIB. *See* Administrative Record (AR) [Doc. No. 9], 10. The Social Security Administration (SSA) denied the application initially and on reconsideration. AR 70, 72. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated August 29, 2014. AR 7-28. The Appeals Council denied Plaintiff's request for review. AR 1-4. Thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff seeks judicial review of this final agency decision.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill, Acting Commissioner of Social Security Administration, is hereby substituted as the proper Defendant in this action.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluations process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since January 6, 2009, her alleged onset date. AR 12.

At step two, the ALJ determined that Plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine and affective disorder. AR 12. At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 12-14.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can lift and/or carry, push or pull no more than ten-pounds occasionally, ten-pounds frequently, stand and/or walk two-hours in a normal eight-hour workday, and sit six-hours in a normal eight-hour workday. She must be able to change positions for comfort but may stay at the workstation. She can occasionally climb stairs and ramps, balance, bend or stoop, kneel, crouch, or crawl. She cannot climb ladders ropes or scaffolding. Her work place must be a habituated work setting and she can have superficial contact with co-workers, supervisors and the public.

AR 14-20. The ALJ determined Plaintiff had no past relevant work. AR 20. Relying on the testimony of a vocational expert (VE), the ALJ found there were jobs that existed in significant numbers in that national economy that Plaintiff could perform. AR 21. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 22.

2

### III. Issue Presented for Judicial Review

Plaintiff contends the ALJ committed errors at step five of the sequential evaluation process. Ms. Cushman's Brf. in Chief. (Pl.'s Brf.) [Doc. No. 11].[2] Specifically, Plaintiff contends: 1) the ALJ improperly picked and chose from the VE's testimony; 2) the ALJ's hypothetical question to the VE was not the same as the RFC; and 3) the ALJ was not specific with regard to the frequency at which Plaintiff needed to alternate between standing and sitting. Defendant, on the other hand, asserts that the ALJ did not commit error, or if errors occurred, they were harmless.

### IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

---

[2] Page references to briefs are to the CM/ECF page number.

V.    **Analysis**

   **A. The ALJ Did Not Improperly Pick and Choose From the VE's Testimony**

Plaintiff alleges that the ALJ improperly "cherry-picked" from the VE's testimony. Pl.'s Brf. 7. More specifically, Plaintiff contends the ALJ did not discuss the following portion of the hearing:

> Q: If I had a hypothetical individual, who had the same complaints as [Plaintiff], would that individual be able to do any of [Plaintiff's] past relevant work?
>
> A: Not in my opinion, Judge.
>
> Q: And would there be any other occupations that that individual would be able to do?
>
> A: Judge, I feel like based on her testimony that she would not be able to do even sedentary work.
>
> Q: And why is that?
>
> A: Because she's indicated, when Counsel was asking her about, six hours day and she said there's no way, she can't do it; seemed like her left side seems to be affected, her left hand is affected but, based on the (INAUDIBLE).

AR 57. Plaintiff asserts the ALJ was required to reference this testimony in his assessment of the RFC because it constitutes "other evidence" as referenced in 20 C.F.R. § 404.1545(a)(3). Plaintiff also appears to argue the ALJ must consider this testimony in formulating an RFC.[3]

The context in which the above-quoted testimony was elicited informs the Court's analysis. Prior in the hearing, the ALJ asked the VE regarding a hypothetical individual with certain

---

[3] Plaintiff further appears to contend indirectly that the ALJ must consider the VE's testimony when determining whether an impairment is severe enough to meet or equal any Listed Impairment. Pl.'s Brf. 9. Plaintiff did not provide any legal authority supporting this position, and in any event, Plaintiff did not challenge the ALJ's step-three finding.

4

limitations as suggested by the ALJ. AR 55-57. After the VE responded, the ALJ asked whether the VE had heard and understood Plaintiff's testimony. AR 57. Then, the ALJ inquired whether the hypothetical individual could perform work if she had the limitations contained within Plaintiff's testimony. AR 57.

Plaintiff asserts that an ALJ may not ask a VE a hypothetical question based on substantial evidence and then ignore unfavorable answers. Pl's. Brf. 9 (citing *Campbell v. Bowen*, 822 F.2d 1518, 1523 n.6 (10th Cir. 1987)). Initially, the Court notes that a VE is not responsible for determining the RFC. *See Rutledge v. Apfel*, 230 F.3d 1172, 1175 (10th Cir. 2000); *see also* 20 C.F.R. § 404.1546(c) (ALJ responsible for RFC findings). Therefore, it follows that "by posing a particular hypothetical, an ALJ does not confine herself to making an RFC determination mirroring the hypothetical limitations." *Ruth v. Astrue*, 369 F. App'x 929, 931 (10th Cir. 2010) (unpublished); *see also Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990) ("[T]he hypothetical posed to the vocational expert did not set forth only impairments which had been accepted as true by the ALJ. Therefore, his opinion was not binding on the ALJ.").

What is more, the hypothetical regarding Plaintiff's self-described limitations was not based on substantial evidence as Plaintiff contends. Indeed, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects were not credible to the extent they differed from the RFC.[4] AR 19. An ALJ is not considered to have ignored VE testimony favorable to a claimant when such testimony is in response to a hypothetical based on an incredible description of a claimant's own impairments. *See Roulston v. Shalala*, 46 F.3d 1152, 1995 WL 41671 at *1 (10th Cir. 1995) (unpublished); *see also Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993) (stating that an opinion based on an unestablished fact would not bind the ALJ); *Talley*,

---

[4] Plaintiff does not challenge the ALJ's credibility determination.

908 F.2d 585 at 588 (10th Cir. 1990). Because the ALJ found Plaintiff's statements not credible, the Court finds no error with regard to the omission of the hypothetical from the opinion.[5]

**B. The Differences Between the RFC and Hypothetical Question Do Not Amount to Error**

Plaintiff contends the ALJ erred by asking a hypothetical to the VE with limitations differing from those contained in the RFC. Pl.'s Brf. 3. Specifically, the ALJ posed a question to the VE including language indicating the hypothetical individual could stand or walk for fifteen minutes at a time. AR 55-56. No such limitation is included in the RFC. AR 14. As outlined below, Plaintiff's claim does not amount to error.

The general rule is the ALJ's hypothetical to the VE must include all of the impairments listed in the RFC in order for the VE's testimony to constitute substantial evidence showing the claimant can perform jobs. *See Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996) ("[Claimant] is correct that hypothetical questions in this context must reflect with precision all of his impairments."); *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision.") (quotation omitted). Here, however, the issue is not whether each limitation in the RFC was included in the hypothetical—they were—it is whether the presence of restrictions in the hypothetical which were not included in the RFC amounts to error.

The purpose of the VE testimony is to establish which occupations a hypothetical individual can perform given particular limitations. Here, the VE testified that a hypothetical

---

[5] Plaintiff also contends the ALJ "completely relied" on the VE's testimony at steps two, three, and four of the decision. The decision does not support this contention; the ALJ relied on medical evidence, not the VE's testimony, at steps two and three or in determining the RFC prior to step four. *See* AR 12-20.

individual could perform jobs in the regional or national economy, even with the limitations presented by the ALJ. AR 56-57. In other words, the VE testified that there were jobs a hypothetical individual could perform with the fifteen-minute limitation on standing or walking. The fact that the RFC did not contain the fifteen-minute limitation is of no importance because "the fact that the vocational expert testified that [P]laintiff could perform more restrictive jobs would necessarily encompass [P]laintiff's ability to perform less restrictive jobs." *Phillips v. Astrue*, No. 08-CV-770-TLW, 2010 WL 3122915, at *4 (N.D. Okla. Aug. 5, 2010) (referring to the plaintiff's argument as "frivolous"); *see also Bigby v. Colvin*, No. CIV-14-540-SPS, 2016 WL 1255734, at *6 (E.D. Okla. Mar. 30, 2016) ("[T]he VE's testimony about jobs which include limitations on pushing/pulling and operating foot controls do not preclude the claimant from performing them in the absence of those same limitations."). As such, there is no error here, where Plaintiff would be able to perform the occupations with or without the fifteen-minute limitation.[6]

Plaintiff also takes issue with the fact that ALJ asked the VE about a hypothetical individual who "would" stay at the workstation when changing positions, AR 56, while the RFC stated that Plaintiff "may" stay at the workstation when changing positions. AR 14. The Court finds no material difference between "may" and "would" which would render the hypothetical so imprecise as to warrant reversal on that ground. The ALJ's hypothetical to the VE reflected with precision the impairments listed in the RFC, which is all that is required. *See Hargis*, 945 F.2d at 1492.

As such, Plaintiff's assertion of error is unfounded.

---

[6] Plaintiff also contends it is not clear "whether the ALJ meant standing every 15 minutes or sitting 15 minutes or how long for each position." Pl.'s Brf. 3. The hypothetical states: "This person can stand or walk two hours in an eight-hour day and I'm going to say, at 15 minutes at a time . . . ." The hypothetical, therefore, plainly indicates that the hypothetical individual could either stand or walk for fifteen minutes at a time. Regardless, as indicated above, this added restriction was posed to the VE alone, and was not included in the RFC. Thus, whether the VE misinterpreted the ALJ's meaning with regard to the restriction is immaterial because it was not contained in the RFC.

### C. The ALJ Did Not Err With Regard to the Frequency of the Stand-Sit Option

Plaintiff contends the ALJ erred in formulating the RFC by not specifying the frequency at which Plaintiff needed to change positions at the workstation.[7] "The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing" for individuals who cannot perform a full range of sedentary work. SSR 96-9P, 1996 WL 374185, at *7. Defendant does not disagree that specificity by an ALJ is required in addressing such frequency. Indeed, she cites SSR 96-9P in her brief and explains that "specificity is necessary in order to obtain accurate vocational testimony." Brf. in Supp. of Commissioner's Decision (Def.'s Brf.) [Doc. No. 17], 7. Unlike Plaintiff, however, Defendant argues that the ALJ was sufficiently specific in describing the frequency of Plaintiff's need to alternate between sitting and standing.

The pertinent portion of the RFC states that Plaintiff "must be able to change positions for comfort but may stay at the workstation." AR 14. Defendant contends that the RFC is "essentially that Plaintiff needed to change position at will." Def.'s Brf. 7. In making such argument, Defendant directs the Court to *Jimison v. Colvin*, 513 F. App'x 789 (10th Cir. 2013) (unpublished), in support of the proposition that "for comfort" is equivalent to "at will." In *Jimison*, the court analyzed an ALJ's hypothetical asking about an individual who could do a full range of sedentary work and could do so "either sitting down or standing up, whichever way she wanted to." *Id.* at

---

[7] Plaintiff makes a separate argument regarding the stand-sit option—that it was error that the ALJ did not define the amount of time Plaintiff needed to stand and stretch before returning to a sedentary position. Pl.'s Brf. 3. Although the ALJ referenced getting up to stretch before returning to sitting in the hypothetical, he did not include such language in the RFC. As such, for the same reason as in Subsection B, the ALJ did not commit error with regard to this argument. Further, Plaintiff's argument is stated in one sentence and she does not present any analysis in support of it. As such, the Court alternatively denies relief with regard to this argument because it was not adequately briefed. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of her contentions that have been adequately briefed for our review.")

792. Ultimately, the court determined that the restriction was "at will," which "permits the claimant to control the frequency at which she alternates positions." *Id.* Thus, Defendant asserts "for comfort" is sufficiently specific with regard to frequency to avoid remand.

The Tenth Circuit has found general terms to be sufficient to articulate the frequency at which a claimant must alternate between sitting and standing. *See Nelson v. Colvin*, 655 F. App'x 626, 629 (10th Cir. 2016) (unpublished) (affirming denial of benefits when ALJ asked VE a hypothetical about an individual who needed to "periodically alternate sitting and standing"); *Jimison*, 513 F. App'x at 792 (finding a hypothetical which meant an individual could sit or stand "at will" to be sufficiently specific in that it allows a claimant to control the frequency at which she alternates positions). Here, the ALJ utilized a general term—"for comfort." Like the phrases "periodically" and "at will," the phrase "for comfort" provides the required context to the frequency at which a hypothetical individual in the question to the VE would need to alternate positions.[8] As such, there is no error with regard to Plaintiff's Argument.[9]

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by March 22, 2017.

---

[8] Furthermore, the phrase gives the necessary context to the RFC regarding the frequency at which Plaintiff needs to switch positions.

[9] Defendant alternatively argues that Plaintiff's argument is undermined by her counsel's inaction at the hearing. Def.'s Brf. 7-8. Because Plaintiff's argument is not meritorious, the Court does not reach the alternate argument.

*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the Chief District Judge in this matter.

ENTERED this 8th day of March, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE