# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TAMMY CUSHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-1184-HE |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Tammy Cushman filed this action seeking judicial review of the Social Security Administration's denial of her application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B) and (C), the case was referred to Magistrate Judge Bernard M. Jones, who recommends that the decision of the Acting Commissioner of the Social Security Administration ("Commissioner") be affirmed. Plaintiff has filed an objection.

Plaintiff filed her application for disability benefits in September 2011 and it was denied initially and on reconsideration. After a hearing, an Administrative Law Judge ("ALJ") found that plaintiff had no past relevant work, but could perform jobs that existed in significant numbers in the national economy. He therefore concluded that she was not disabled within the meaning of the Social Security Act. When the Appeals Council denied plaintiff's request for review the ALJ's decision became the final decision of the Commissioner. Plaintiff then sought judicial review of the final agency decision.

In his Report and Recommendation the magistrate judge rejected plaintiff's contentions that the ALJ selectively considered the testimony of the vocational expert ("VE"), improperly included additional restrictions in a hypothetical to the VE that were not included in the residual functional capacity ("RFC") and, by using "would" rather than "may" in a hypothetical posed to the VE, made it so imprecise that reversal is required. He also determined the ALJ did not err by failing, when formulating the RFC, to specify how often plaintiff needed to alternate sitting and standing at the workstation. The magistrate judge concluded that the ALJ's use of the term "for comfort" in the RFC was, like the terms "periodically" and "at will," sufficient to articulate the frequency with which a claimant must alternate between sitting and standing.

Plaintiff focuses on what she refers to as the "sit-stand" error in her objection. Her arguments are not persuasive. The ALJ could perhaps have been more precise in the RFC. However, the court agrees with the magistrate judge that his inclusion of the phrase "for comfort" was sufficiently definite, especially when combined with the hypothetical question he posed to the ALJ, to make clear the frequency of plaintiff's need to alternate sitting and standing. The requirement of SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996), was satisfied. *See* Jimison v. Colvin, 513 Fed. Appx. 789, 792 (10th Cir. 2013); *see generally* Garrison v. Colvin, 2013 WL 4082870, at *2 (N.D. Tex. Aug. 13, 2013) (ALJ specified the frequency with which claimant would need to sit and stand during the work day when he limited her to light work "'with the freedom to alternate positions as needed for comfort,'" and "asked the vocational expert to identify jobs that would allow an

2

individual to 'sit or stand at her option.'").[1] The court also concludes that, by including "[f]or comfort sake" in his RFC and hypothetical, the ALJ did not substitute his own medical opinion for those of the two doctors, Drs. Wainner and Kendrick, whose medical opinions he concluded were entitled to great weight. *See* Nelson v. Covlin, 655 Fed. Appx. 626 (10th Cir. 2016).

Finally, the court cannot consider the email plaintiff attaches to her objection, which she claims demonstrates that "[t]here are no sit-stand 'at will' jobs available in unskilled work." Doc. #20, p. 4. The VE who testified at plaintiff's hearing advised the ALJ to the contrary and plaintiff cannot challenge that testimony at this stage of the proceeding with contrary evidence. "A district court's review is limited to the record made in the administrative hearing process." Elamin v. Colvin, 2016 WL 3676827, at *3 (W.D. Tenn. July 7, 2016), citing Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Accordingly, the court **ADOPTS** the Report and Recommendation of Magistrate Judge Jones. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated this 31st day of March, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[1] *Garrison* involved Ruling 96-8p, rather than 96-9p. The court in Garrison noted that nothing in Ruling 96-8p "can be construed to require the ALJ to specify the frequency with which a claimant should be permitted to sit and stand during work when he determines that the claimant can perform work with a sit/stand option." *Garrison*, 2013 WL 4082870, at *2. It differs in that respect from Ruling 96-9p.

3